[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12646

Non-Argument Calendar

_____

ROCKY BRANCH TIMBERLANDS LLC,
ROCKY BRANCH INVESTMENTS LLC,
individually and as Tax Matters Partner for
Rocky Branch Timberlands LLC,

Plaintiffs-Appellants,

BRIAN KELLEY,
individually and as the Tax Matters Partner
Representative for Rocky Branch Investments
LLC as Tax Matters Partner for Rocky Branch
Timberlands LLC,

Plaintiff,

*versus*

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
IRS MANAGER LEE VOLKMANN,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02605-MLB

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Rocky Branch Timberlands, LLC, claimed a $26.5 million tax deduction on its 2017 tax return for a conservation easement. The IRS undertook a review of the return and ultimately issued a Final Partnership Administrative Adjustment (FPAA) that disallowed the deduction. Rocky Branch Timberlands then sued the IRS and related parties, seeking various forms of injunctive and declaratory relief. The district court dismissed the lawsuit on jurisdictional grounds because the relief that Rocky Branch Timberlands sought was barred by the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act. We agree.

**I**

We review de novo a district court's decision to grant a motion to dismiss for lack of subject-matter jurisdiction. *McElmurray v. Consolidated Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007).

The Anti-Injunction Act provides that, with exceptions not relevant to this case, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." I.R.C. § 7421(a). To determine whether the suit seeks to restrain the assessment or collection of taxes, "we inquire not into a taxpayer's subjective motive, but into the action's objective aim—essentially, the relief the suit requests." *CIC Servs., LLC v. Internal Revenue Serv.*, 141 S. Ct. 1582, 1589 (2021). "When the Anti-Injunction Act applies, it deprives federal courts of jurisdiction." *In re Walter Energy, Inc.*, 911 F.3d 1121, 1136 (11th Cir. 2018).

**A**

Rocky Branch Timberlands first argues that its suit is not barred by the Anti-Injunction Act because it does not seek to restrain the assessment or collection of a tax.

In *CIC Services*, the Supreme Court considered whether a suit challenging an information-reporting requirement was barred by the Anti-Injunction Act. 141 S. Ct. at 1588. Failure to comply with the reporting requirement would lead to both tax and criminal penalties. *Id.* at 1587–88. The Court held that the suit fell "outside the Anti-Injunction Act because the injunction" that it requested did not "run against a tax at all." *Id.* at 1593. Instead, the tax penalty

functioned "only as a sanction for noncompliance with the reporting obligation," so the plaintiff's suit seeking to enjoin the reporting requirement was not barred by the Anti-Injunction Act. *Id.* at 1594.

Three considerations led to that conclusion in *CIC Services*: (1) The reporting rule at issue "impose[d] affirmative reporting obligations, inflicting costs separate and apart from the statutory tax penalty"; (2) the taxpayer was "nowhere near the cusp of tax liability" because the "reporting rule and the statutory tax penalty [were] several steps removed from each other"; and (3) the requirement was enforced through criminal penalties in addition to tax penalties. *Id.* at 1591–92.

Those same three considerations lead to the opposite conclusion here. First, Rocky Branch Timberlands will not be subject to any "costs separate and apart" from the tax penalty that may result from the FPAA. *Id.* at 1591. The cost of litigating the tax assessment doesn't count—that's why the Anti-Injunction Act provides a pay-now-sue-later procedure. Second, Rocky Branch Timberlands was on "the cusp of tax liability" when it filed its suit, *id.*, because the FPAA is the statutory prerequisite to assessing a tax on Rocky Branch Timberlands, *see* I.R.C. § 6232(b), and Rocky Branch Timberlands concedes that if the FPAA is allowed to stand, the IRS will be able to immediately assess a tax. Third, Rocky Branch Timberlands will suffer no criminal punishment by following the Anti-Injunction Act's "familiar pay-now-sue-later procedure." *CIC Servs.*, 141 S. Ct. at 1592.

At its heart, this suit is "a dispute over taxes." *Id.* at 1593 (quotation marks omitted). Unlike in *CIC Services*, the "legal rule at issue" here is a tax provision, not a reporting requirement backed up with a tax provision. *See id.* Rocky Branch Timberlands's single claim alleged that the IRS violated § 7803(e)(4) by failing to provide Rocky Branch Timberlands with administrative review of its tax case. To remedy that alleged violation, Rocky Branch Timberlands sought to compel the IRS to provide it with administrative review and, until it did, to prevent the IRS from issuing an FPAA (which the IRS had already issued). The FPAA that the IRS had issued found that Rocky Branch Timberlands improperly claimed a deduction on its tax return, resulting in an underpayment of taxes. Because the relief Rocky Branch Timberlands's lawsuit seeks would restrain the IRS from assessing and collecting those taxes, it is barred by the Anti-Injunction Act.

**B**

Rocky Branch Timberlands argues that even if its lawsuit seeks to restrain the assessment of a tax, it falls within a narrow exception to the Anti-Injunction Act. That exception permits injunctive relief for plaintiffs who show that they will "suffer irreparable injury if collection [of the tax] were effected" and show that "it is clear that under no circumstances could the [IRS] ultimately prevail." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).

Rocky Branch Timberlands cannot make either showing. A plaintiff suffers irreparable injury for injunctive purposes when

there is no adequate remedy at law. *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994). The district court correctly pointed out that Rocky Branch Timberlands had "another adequate remedy [at law] for challenging the FPAA, specifically . . . Tax Court." Rocky Branch Timberlands has already challenged the FPAA in tax court in a parallel proceeding. If issuing the FPAA without providing Rocky Branch Timberlands administrative review was a violation of I.R.C. § 7803(e)(4), that parallel proceeding can provide a remedy.

It is also far from "clear that under no circumstances could" the IRS prevail on the merits of Rocky Branch Timberlands's claim. *Williams Packing*, 370 U.S. at 7. Rocky Branch Timberlands's strict interpretation of § 7803(e)(4) is not the only plausible one. Section § 7803(e)(5)(A) contemplates requests for referral to the Appeals Office by "taxpayer[s] . . . in receipt of a notice of deficiency." The district court interpreted that provision as contemplating appeals for taxpayers already "in receipt of a notice of deficiency"—or, in the case of partnerships, an FPAA. It is at least debatable whether Rocky Branch Timberlands would succeed on the merits of its claim, which is enough to foreclose application of the *Williams Packing* exception. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 749 (1974) (holding that the petitioner's arguments were "sufficiently debatable to foreclose any notion that" the *Williams Packing* exception applied).

## II

Rocky Branch Timberlands also argues that its requested declaratory relief is not barred by the tax exception to the Declaratory Judgment Act.

The tax exception to the Declaratory Judgment Act forbids courts from issuing declaratory judgments "with respect to Federal taxes." 28 U.S.C. § 2201(a). And it is "clear that the federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti-Injunction Act." *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759 n.10 (1974); *accord Mobile Republican Assembly v. United States*, 353 F.3d 1357, 1362 n.6 (11th Cir. 2003).

Rocky Branch Timberlands concedes that "courts have determined [the two Acts] to be coextensive and coterminous." Because we hold that the Anti-Injunction Act bars Rocky Branch Timberlands's suit, it follows that the tax exception to the Declaratory Judgment Act bars the declaratory relief Rocky Branch Timberlands seeks. *See Mobile Republican Assembly*, 353 F.3d at 1362 n.6 (holding that the conclusion that the Anti-Injunction Act prohibited the appellees from seeking injunctive relief "also foreclose[d] the appellees from seeking declaratory relief"); *see also Alexander*, 416 U.S. at 759 n.10 ("Because we hold that the [Anti-Injunction] Act bars the instant suit, there is no occasion to deal separately with the [tax exception to the Declaratory Judgment Act].").

**AFFIRMED**.